

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    JUDGE

# LETTER OPINION

September 23, 2008

Day Pitney, LLP
Dennis R. LaFiura
Paul J. Halasz
P.O. Box 1945
Morristown, NJ 07932-0950
(*Attorneys for Plaintiff Budget Rent A Car System, Inc.*)

Nowell Amoroso Klein Bierman, P.A.
William Bierman
Thomas C. Martin
155 Polifly Road
Hackensack, NJ 07601

Winder & Haslam, P.C.
Donald J. Winder
John W. Holt
Suite 4000
175 West 200 South
P.O. Box 2668
Salt Lake City, Utah 84110-2668
(*Attorneys for Defendant K&T, Inc.*)

    Re:    <u>Budget Rent A Car System, Inc. v. K&T, Inc.</u>
            <u>Civil Action No. 2:05-CV-3655 (WJM) (RJH)</u>

Dear Counsel:

    This matter comes before the Court on Defendant K&T, Inc.'s ("K&T") three separate motions for partial Summary Judgment. Plaintiff Budget Rent A Car System,

Inc. ("Budget") cross-motions for partial Summary Judgment and makes an additional motion to hold Defendant in Contempt. The parties request that the Court rule on three issues involving the rights and obligations of the parties under their license agreements and a supplemental agreement governing payment of travel agent commissions: (1) whether Budget infringed on K&T's exclusive franchise; (2) whether Budget illegitimately charged K&T for commissions paid to "pseduo" travel agents; and (3) whether Budget sent K&T a valid notice of default prior to terminating their agreements. For the reasons stated below, the Court finds that Budget did not infringe on K&T's exclusive franchise. Defendant K&T's motion for Summary Judgment regarding Budget's infringement of K&T's exclusive franchise is **DENIED** and Plaintiff Budget's cross-motion for Summary Judgment with regards to the same issue is **GRANTED**. The Court reserves its right to rule on the remaining issues at this time.

## BACKGROUND AND PROCEDURAL HISTORY

The following is a brief summary of the relevant factual and procedural history. In 2002, Cendant Car Rental Group, Inc., now known as Avis Budget Car Rental, LLC, acquired Budget in bankruptcy. (Certification of Paul L. Gallagher ("Gallagher Cert."), at ¶ 9). Budget franchises car rental locations under the "Budget" trademark and trade name. (Certification of Paul J. Halasz ("Halasz Cert."), at Ex. A, ¶ 3-4). Avis Budget Car Rental, LLC also owns Avis Car Rental Group, LLC ("Avis"), which licenses car rental locations under the "Avis" brand. (*Id.* at ¶¶ 6-7). All of these entities are currently owned by Avis Budget Group, Inc. formerly known as Cendant Corporation. (*Id.* at ¶ 3).

K&T has been an independent Budget franchisee since 1977 with locations in Utah, Idaho, and Wyoming. The parties entered into a Prime License Agreement ("License Agreement") on September 15, 1977 for the Utah locations. Over the years, K&T entered into various other agreements with Budget, including amendments to the License Agreement, a Reservation System Agreement, as well as sub-license agreements for its locations in Idaho and Wyoming. (Halasz Cert., at Ex. A, ¶¶ 6-8, C, D, and K).

On July 21, 2005, Budget terminated its Prime License Agreement, as amended, and Reservation System Agreement with K&T due to arrears. (Halasz Cert., at Ex. H). K&T admittedly failed to pay Budget for reservation fees and Travel Agent Referral Program ("TARP") fees, including "pseudo" travel agent referral fees from Orbitz, Expedia, and other internet travel sites. (Halasz Cert., at Ex. K).

Following the termination letter, Budget and K&T filed separate suits on July 21, 2005 and July 22, 2005 respectively. Budget filed here in New Jersey while K&T filed in Utah state court. The Utah state court issued an injunction precluding Budget from

implementing the termination and requiring that Budget restore K&T's access to its reservation system. (Complaint; Halasz Cert., at Ex. A, ¶¶ 31, 39-40). The state court action was subsequently removed to Utah District Court, (*id.* at Ex. A, ¶ 41), which continued the injunction with the following provisos: (1) K&T must pay all amounts due to Budget during the pendency of the action; and (2) if any amounts due are subject to a good faith dispute K&T had the option of depositing the funds into Court. (*Id.* at Ex. I). The case was ultimately transferred and consolidated here.

K&T adhered to the terms of the injunction through the end of 2005 by depositing funds into Court. (*Id.* at Ex. O). In October 2007, Budget brought an Order to Show Cause to modify the injunction. On October 11, 2007, the Court ordered K&T to deposit the full amount of arrearage into Court within 62 days of the Order and to decide within 15 days of the Order whether it would participate in the "pseudo" TARP program. K&T submitted the full amount of arrearage and decided to participate in the "pseudo" TARP program.

K&T alleges that its exclusive right to conduct a "BRAC business" under the License Agreement is violated by virtue of the presence of Avis-branded car rental locations in K&T's territory. The pertinent sections of the License Agreement pertaining to "BRAC business" are as follows.

The Preamble states:

> BUDGET, under its trade names . . . and registered trade and service marks . . . has developed and supervises a system for conducting the business of renting vehicles without drivers, commonly known as the BUDGET RENT A CAR SYSTEM and hereinafter referred to as the "SYSTEM."
>
> ***
>
> LICENSEE desires to be exclusively licensed by BUDGET to use the SYSTEM and conduct a BUDGET RENT A CAR and BUDGET RENT A TRUCK business (hereinafter referred to as "BRAC business") under BUDGET's trademarks and trade names, in accordance with the provisions of this [License] Agreement and the Operating Manual within the geographical territory and for the term hereinafter defined.

(Halasz Cert., at Ex. C, pg. 1). Section 1.01 states:

> Subject to the provisions hereof and the continuing faithful performance by LICENSEE of its obligations hereunder BUDGET grants to LICENSEE the exclusive right and license to conduct a BRAC business within the territory for

3

>  the term hereinafter defined under BUDGET's trademarks and trade names and in accordance with its standard operating procedures incorporated in the Operating Manual.

(*Id.*)  Moreover, § 1.03(b) states:

>  The term "exclusive" means that BUDGET shall not during the term of this [License] Agreement grant a license to operate a BRAC business within the Licensed Territory to any other person.
>  ***
>  The term "BRAC business" refers exclusively to the business of renting automobiles and trucks (herein collectively referred to as "vehicles") without drivers and does not include or refer to the rental of any other vehicle or product or to any other business or commercial activity.

(*Id.* at Ex. C, pg. 2).  In addition, § 7.01 provides that in exchange for fees paid to Budget, K&T obtains "the right to become the exclusive BUDGET licensee in the Licensed Territory . . . ." (*Id.* at Ex. C, pg. 2).  Both parties agree that under § 14.06, Illinois law governs the interpretation of the License Agreement.  (*Id.* at Ex. C, pg. 15).

## DISCUSSION

### A.   Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; rather, only disputes over facts that might affect the outcome of the lawsuit, under the governing substantive law, will preclude the entry of summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  At the summary judgment stage, this Court must view all evidence and consider all reasonable inferences in a light most favorable to the non-moving party. *Marzano v. Computer Science Corp.*, 91 F.3d 497, 501 (3d Cir. 1996).

### B.   Exclusivity

Where a contract is unambiguous, it is appropriate for a court to determine its meaning as a matter of law at the summary judgment stage.  *See LaJeune v. Bliss-Salem*,

85 F.3d 1069, 1073 (3d Cir. 1996).  Illinois courts consistently hold that words used in contracts must be given their plain and ordinary meaning.  *See, e.g.*, *City of Chicago v. Comcast Cable Holding, LLC*, 375 Ill.App.3d 595, 600-01, 872 N.E.2d 368, 373-74 (Ill. App. Ct. 2007).  Clear and unambiguous contract terms control the rights of the parties. *Golden Rule Insurance Co. v. Schwartz*, 203 Ill.2d 456,465, 786 N.E.2d 1010, 1016 (Ill. 2003).  When construing the language of a contract, a court must give effect to the intent the parties possessed at the time they entered into the agreement.  *See First Bank & Trust Co. v. Village of Orland Hills*, 338 Ill.App.3d 35, 40, 787 N.E.2d 300, 304 (Ill. App. Ct. 2003).  A court must interpret the agreement as a whole, giving meaning and effect to every provision when possible while not interpreting the agreement in a way that would nullify provisions or render them meaningless.  *See Coles-Moultrie Electric Cooperative v. City of Sullivan*, 304 Ill.App.3d 153, 159, 709 N.E.2d 249, 253 (Ill. App. Ct. 1999).

The License Agreement's Preamble defines "BRAC business" as the business of renting vehicles under the "Budget" brand and system.  Although under Illinois law preliminary recitals are generally not binding in themselves, *see Regnery v. Meyers*, 287 Ill.App.3d 354, 360, 679 N.E.2d 74, 78 (Ill. App. Ct. 1997), such recitals are binding if referred to in the operative portion of the agreement, *see First Bank*, 338 Ill.App.3d at 45, 787 N.E.2d at 310.  The Preamble defines "BRAC business" when stating that "LICENSEE desires to be exclusively licensed by BUDGET to use the SYSTEM and conduct a BUDGET RENT A CAR and BUDGET RENT A TRUCK business (hereinafter referred to as "BRAC business") under BUDGET's trademarks and trade names . . . ."  (Halasz Cert., at Ex. C, pg. 1).  The parties expressly agreed to this definition under § 14.01(b), which states that "[t]he preamble recitals are incorporated and made a part of this Agreement."  (*Id.* at Ex. C, pg. 15).

Other sections reinforce the intent of the parties to have K&T exclusively operate a "BRAC business" under the "Budget" brand and system.  Section 1.01 incorporates the Preamble's definition of "BRAC business" when stating that "BUDGET grants to LICENSEE the exclusive right and license to conduct a BRAC business within the territory for the term hereinafter defined under BUDGET's trademarks and trade names . . . ."  (*Id..* at Ex. C, pg. 1).  Section 7.01 expressly notes that K&T obtained, "the right to become the exclusive BUDGET licensee in the Licensed Territory" in return for fees. (*Id.* at Ex. C, pg. 4).

When read in the context of the whole agreement, § 1.03 does not expand K&T's exclusivity rights, but rather narrows the definition of "BRAC business" to automobile and truck rentals.  Section 1.03 limits a "BRAC business" to the exclusive "business of renting automobiles and trucks (herein collectively referred to as "vehicles") without drivers and does not include or refer to the rental of any other vehicle or product or to any

5

other business or commercial activity." (*Id.* at Ex. C, pg. 2). If K&T ran a business under the "Budget" brand, then it could only be the "business of renting automobiles and trucks without drivers." In return, Budget agreed not establish another "BRAC business" in K&T's territory.

K&T also has failed to establish that Budget and Avis operate as one corporate entity. K&T's allegations of overlapping board members, sharing keys for business space, and the use of parent's letterhead on business correspondences are insufficient to pierce the corporate veil of a parent. *See Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 135 (2d Cir. 1997) (finding that a failure to observe corporate formalities, the use of shared office space and letterhead, and a lack of capital in the subsidiary were insufficient to show domination as a matter of law). Moreover, nothing in the License Agreement suggests that the parties intended the License Agreement to extend to future corporate parents or affiliates. The License Agreement repeatedly states that Budget entered into the contract with K&T and does not mention "Avis," refer to any future car rental brands, or contain a non-compete agreement on the part of Budget or entities affiliated with Budget.

## CONCLUSION

For the foregoing reasons, Defendant K&T's motion for Summary Judgment with regards to the issue of whether Budget infringed on K&T's exclusive franchise is **DENIED** and Plaintiff Budget's cross-motion for Summary Judgment regarding the same issue is **GRANTED**. The Court reserves its right to rule on the remaining issues at this time. An appropriate Order accompanies this Letter Opinion.

s/William J. Martini
**William J. Martini, U.S.D.J.**